UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC, | Case No.  19-cv-04422-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ARBITRATION AWARD** |
| SONJA BOCH, et al., | |
| Defendants. | [Re:  ECF No. 28] |

Before the Court is Defendants Sonja Boch, Amanda Sullivan Hedger, and Ernest Arambula's Administrative Motion to File Under Seal Portions of Arbitration Award.  *See* Motion, ECF No. 28.  Defendants seek to file under seal an unredacted version of the arbitration award in American Arbitration Association Arbitration Case No. 01-19-0002-6123 ("Arbitration Award") in support of their Motion to Confirm Arbitration Award.  *See* ECF No. 27.

On October 17, 2018, eBay filed a complaint in California state court against Amazon.com ("Amazon"), asserting various claims based on eBay's User Agreement.  Amazon moved to compel arbitration based on the Agreement's mandatory arbitration provision, and the California state court granted Amazon's motion to compel arbitration on April 19, 2019.  *See* ECF No. 27-3.  On July 31, 2019, eBay filed the present action against Defendants—three Amazon managers.  *See* ECF No. 1 ¶ 1.  The parties stipulated to transfer this case to arbitration.  *See* ECF No. 21.  The Arbitration Award resulted from the arbitration proceeding between eBay and Amazon, Defendants, and other Amazon employees or ex-employees.  *See* ECF No. 27-2.

Defendants seek to confirm the Arbitration Award.  In support, they have filed a redacted version of the Arbitration Award, seeking leave to file an unredacted version of the Award under seal.  Defendants redactions pertain to four categories of information:  (1) personal identifying information of third parties; (2) employment records; (3) Amazon business operation, strategy, and

1    employee compensation information; and (4) internal Amazon emails relating to business operations

2    and strategy.  *See* ECF No. 28.  Defendants provide declarations of (1) Maria Catana, a litigation

3    paralegal at Amazon and (2) Moez Kaba, counsel for Defendants, in support of the confidentiality

4    of the information at issue.  *See* Catana Decl., ECF No. 28-1; Kaba Decl., ECF No. 28-2.

5    Defendants' Motion is unopposed, and the time to file an opposition has passed.  *See*

6    Civ. L.R. 7-11(b).[1]

7            Based on the below reasoning, the Court GRANTS Defendants' Motion.

     **I.      LEGAL STANDARD**

8            "Historically, courts have recognized a 'general right to inspect and copy public records and

9    documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*,

10   447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

11   & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor

12   of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

13   1135 (9th Cir. 2003)).

14           Parties seeking to seal judicial records relating to motions that are "more than tangentially

15   related to the underlying cause of action" bear the burden of overcoming the presumption with

16   "compelling reasons" that outweigh the general history of access and the public policies favoring

17   disclosure.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see*

18   *Kamakana*, 447 F.3d at 1178–79.  Compelling reasons justifying the sealing of court records

19   generally exist "when such 'court files might … become a vehicle for improper purposes,'"

20   *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as:  "to gratify private spite,

21   promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as

22   sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto*

23   *Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99).  On the other hand, "[t]he mere fact

24   that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to

25   further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d

26

27   ───────────────

     [1] The Court notes that the parties filed a stipulation agreeing that the information at issue in

28   Defendants' sealing motion should be filed under seal.  *See* ECF No. 29.  Since parties cannot
     stipulate to sealing, the Court DENIES the parties' stipulation.

United States District Court
Northern District of California

at 1179.  Further, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, *inter alia*, the sealing motion to include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of:  (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).

## II.   DISCUSSION

The Court has reviewed the sealing motions.  The Court's rulings on the sealing requests are set forth in the table below:

| Redacted Portions Defendants Seek to Seal | Description of Information | Ruling |
|---|---|---|
| Highlighted portions of Kaba Decl., ECF No. 28-2, Ex. B at 17 n.16; 21:8; 22:7; 23:11, 23, n.17, n.18;  25:2, 11; 45:11, 18, 21; 46:2–3, 19, n.27; 47:19; 48:11; 49:6, 13; 50:7, n.29; 51:23; 58 n.32; 59:16; 60:3, 5, 7–9, 11, 13–15, 17, 19, 21; 61:2, 4–5, 9, 13–14, 16, n.35; 62:4, 11–13, 15, 17; 63:17; 64:1, 4–5. | Highlighted portions reference personal identifying and contact information for third parties, including email addresses, phone numbers, and eBay usernames.  The Kaba Declaration indicates that "[p]ublic disclosure of this information could expose these individuals to abuse and harassment, and would infringe upon their privacy interests." ECF No. 28-2 ¶ 5. | GRANTED, since the information is confidential personal identifying information of minimal relevance to the merits of the motion to confirm the arbitration award, and Defendants' request is narrowly tailored.  *See, e.g., Davis v. Zurich Am. Ins. Co.*, No. 3:19–cv–04397–WHO, 2021 WL 369538, at *17 (N.D. Cal. Feb. 3, 2021); *In re High-Tech Emp. Antitrust Litig.*, No. 11–CV–02509–LHK, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (granting motion to seal documents that "include personal information of non-parties"). |
| Highlighted portions of Kaba Decl., ECF No. 28-2, Ex. B at 15:16–17; 32:16–18; 33:1–11, 14–15, 17–18; 37:12, 14–15; 38:1–10; 39:2, 13–22; 40:1. | Highlighted portions reference employment records and attorney communications regarding employment-related litigation pertaining to third parties.  The Kaba Declaration indicates that the excerpts pertain to "specific employee | GRANTED, since the information pertains to confidential employment records of minimal relevance to the merits of the motion to confirm the arbitration award, and Defendants' request is narrowly tailored.  *See Johnson v. San Benito Cty.*, No. 12–CV–03691–LHK, |

*United States District Court*
*Northern District of California*

3

| | | |
|---|---|---|
| | performance issues, discipline, reasons for termination, and employment records related to third parties," and are "not directly relevant to Plaintiff's allegations in the arbitration proceeding, nor are relevant to Defendants' motion to confirm the Award." *See* ECF No. 28-2 ¶ 6. Further, the Kaba Declaration indicates that "public disclosure of such information could lead to harassment and embarrassment for the third parties, and infringes upon their privacy interests in keeping their employment records confidential." *See id.* | 2013 WL 6248274, at *7 n.5 (N.D. Cal. Dec. 3, 2013). |
| Highlighted portions of Kaba Decl., ECF No. 28-2, Ex. B at 14:16–17; 15:4–5, 10–15, 18–20; 20:14; 25:13–14; 35:2–3; 37:12–14, n.26; 46:5; 47:11–14; 74 n.43 | Highlighted portions reference Amazon business operation, strategy, and employee compensation information. The Catana Declaration indicates that such information pertains to "Amazon's sales strategies," which, if public, could make Amazon "lose its competitive advantage because competitors could use these insights to adjust their own strategies and operations to adopt Amazon's strategies and compete for third-party sellers." *See* ECF No. 28-1 ¶ 6. Further, the Catana Declaration indicates that "[c]ompetitors could . . . compete for employees by using non-public knowledge regarding Amazon's employee compensation methods." See *id.* | GRANTED, as confidential internal financial and business information. *See, e.g.*, *In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing[.]") (internal quotations omitted); *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *5 (granting leave to seal "Defendants' compensation and recruiting strategies, policies, and procedures, including quantitative data concerning those topics," which "could cause Defendants' competitive |

| | | harm"). |
|---|---|---|
| Highlighted portions of Kaba Decl., ECF No. 28-2, Ex. B at 26:22–23; 28:3; 29:13–15, 18–19; 43:19–25; 44:4–5; 47:9; 72:5–7. | Highlighted portions are quotations from internal Amazon emails regarding business operation and strategy.  The Catana Declaration indicates that these emails "reveal details of strategic business discussions and operations within Amazon sales teams" and "relate to Amazon's strategies for recruiting third-party sellers," for which "Amazon actively competes with other companies." *See* ECF No. 28-1 ¶ 7.  The Catana Declaration further indicates that "[i]f these details became public, Amazon, could lose its competitive advantage because competitors could use these insights to adjust their own strategies and operations to adopt Amazon's strategies." *See id.* | GRANTED, as confidential internal financial and business information.  *See, e.g.*, *In re Electronic Arts*, 298 Fed.Appx. at 569; *In re Google Location Hist. Litig.*, 514 F.Supp.3d at 1162. |

## III.    ORDER

Based on the above reasoning, Defendants' administrative motion is GRANTED.

**IT IS SO ORDERED.**

Dated:  March 21, 2022

_____
BETH LABSON FREEMAN
United States District Judge